DECISION.
In eight assignments of error, defendant-appellant Willie Bush appeals from his conviction on one count of robbery and the three-year prison term imposed by the trial court following a bench trial. Because the trial court failed to make the findings required for review of the sentence under R.C. 2929.14(B), we vacate the sentence imposed and remand this case to the trial court for resentencing.
On December 29, 1999, Robert Choates entered his apartment building. While climbing the stairs to his third-floor apartment, he was robbed at gunpoint by an assailant wearing a ski mask. The perpetrator ordered Choates to get on the floor and then took his money. Choates then observed the perpetrator rob Anthony Oats on another stair landing. Oats was also ordered to the floor at gunpoint and robbed of eighty dollars and his identification card. After the robbery, Oats fled and summoned police. Oats testified that he had seen Bush with another building tenant before he was robbed. Oats later identified Bush in a police lineup.
After the state rested, the court granted Bush's Crim.R. 29 motions for a judgment of acquittal on the two counts naming him as the perpetrator of the Choates robbery. In his defense, Bush and his mother then testified that he was caring for her at her home when the crimes were committed. The trial court acquitted Bush of the aggravated robbery of Oats, but convicted him of robbery in violation of R.C. 2911.02(A)(2), as he stood charged in the second count of the indictment. The trial court sentenced Bush to a three-year term of imprisonment. In the judgment entry, the court erroneously identified the violation of R.C. 2911.02(A)(2) as a third-degree felony. Robbery, in violation of R.C. 2911.02(A)(2), is punishable as a second-degree felony. See R.C. 2911.02(B).
In his third assignment of error, Bush contends that the trial court sentenced him without considering the purposes of felony sentencing and without making the felony-sentencing findings required by statute. See,e.g., R.C. 2929.12, 2929.13 and 2929.14(B). He also argues that he was entitled to the shortest prison term authorized for robbery pursuant to R.C. 2911.02(A)(2). The minimum definite prison term for robbery of the second degree is two years, see R.C. 2929.14(A)(2), and there is a presumption in favor of a prison term for a second-degree felony conviction. See R.C. 2929.13(D).
The record certified for review does not demonstrate that the trial court satisfied the mandates of Am.Sub.S.B. No. 2, effective July 1, 1996. The trial court did not complete a felony-sentencing worksheet and make it part of the record. See R.C. 2953.08(F)(2). The trial court did not make a finding that Bush had previously "served a prison term," thus permitting the imposition of more than the shortest prison term. See R.C.2929.14(B). Neither did it enunciate, according to the transcript of the sentencing proceedings, any of the required factors or findings, save an oblique reference to some prior involvement with the court system.[1]
See R.C. 2953.08(F)(3).
On the state of this record, a reviewing court cannot fulfill its obligation to "review the record, including the findings underlying the sentence * * * given by the sentencing court." R.C. 2953.08(G)(2) (modified by H.B. No. 331, effective Oct. 10, 2000); see, also, State v.Edmondson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. Therefore, Bush's third assignment of error is sustained, as the trial court failed to comply with the felony-sentencing statutes. See State v. Richardson
(Aug. 20, 1999), Hamilton App. No. C-980860, unreported.
In his fourth assignment, Bush claims that the trial court erred by failing to inform Bush, at the time of sentencing, of the potential for "post-control release" following his release from prison. Bush correctly notes that when imposing a prison term for a felony of the second degree, the trial court "shall * * * notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release from prison[.]" R.C.2929.19(B)(3)(c); see Anderson's Ohio Criminal Practice and Procedure (6 Ed. 2000) 316, Section 33, Appendix A. Here, however, our resolution of the third assignment of error, requiring the trial court to resentence Bush, provides the opportunity to satisfy R.C. 2967.28 and thus removes any prejudice resulting from the trial court's original error. The fourth assignment of error is overruled.
Bush's first and second assignments of error, in which he claims error based upon the absence of a written jury waiver from the record, are overruled, as, pursuant to App.R. 9(E), the record has been corrected to reflect a nunc pro tunc entry of the jury waiver signed by Bush before his bench trial. See State v. Wallace (Dec. 10, 1999), Hamilton App. No. C-980314, unreported.
Bush also challenges the trial court's erroneous entry of a judgment that stated, inter alia, that he had entered pleas of no contest. This assignment of error is also overruled, as, pursuant to App.R. 9(E), the trial court has corrected the record to reflect that it granted Bush's motions for a judgment of acquittal on counts three and four, and that, following a bench trial, Bush was acquitted on count one, but was convicted on count two. The seventh assignment of error is overruled.
In two interrelated assignments of error, Bush challenges the weight and the sufficiency of the evidence adduced to support his conviction for robbery. Our review of the entire record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547. Moreover, the record contains substantial, credible evidence from which the court could have reasonably concluded that all elements of the crime were proven beyond a reasonable doubt. See State v. Waddy (1991), 63 Ohio St.3d 424,588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
Furthermore, the trial court did not err in denying Bush's motion for a judgment of acquittal on the charge of robbery, as reasonable minds could have reached different conclusions as to whether each element of the crime had been proven beyond a reasonable doubt, including that Bush robbed Oats at gunpoint. See Crim.R. 29; see, also, State v. Bridgeman
(1978), 55 Ohio St.2d 261, 381 N.E.2d 184. The fifth and sixth assignments of error are overruled.
In the last assignment of error, Bush's appointed counsel raises six "improprieties" that he believes are not meritorious, but that Bush maintains were prejudicial to him. The state also urges this court to "review the entire record in accordance with" the no-error doctrine ofAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1369. As we have previously held, we cannot entertain an assignment of error raised pursuant to Anders in a brief that otherwise complies with App.R. 12(A) and 16(A)(7) by raising substantive assignments of error. See, e.g.,State v. Burrow (Dec. 20, 2000), Hamilton App. No. C-990641, unreported. In light of Bush's concerns over the fairness of his trial, in conducting the review of the record mandated by Tibbs v. Florida and State v.Thompkins, we have scrutinized those issues raised by Bush that are developed in the record. Those "improprieties" not identified in the record or argued separately are disregarded. See App.R. 12(B). The eighth assignment of error is overruled.
Therefore, pursuant to the resolution of the third assignment of error, the sentence imposed by the trial court is vacated, and the cause is remanded for resentencing in accordance with law and this Decision.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] Police and victim-impact statements were referred to by the prosecutor, and are part of the record. No presentence-investigation report, if one was prepared, has been made part of the record.